UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KEITH TERRELL BUTLER,

                            Plaintiff,

    v.                                          No. 09-CV-1106
                                                         (GLS/DRH)

L. LaBARGE, Correction Officer,

                            Defendant.

---

**APPEARANCES:**                                          **OF COUNSEL:**

KEITH TERRELL BUTLER
Plaintiff Pro Se
05-A-1392
Clinton Correctional Facility
Post Office Box 2002
Dannemora, New York 12929

HON. ANDREW M. CUOMO                      ROGER W. KINSEY, ESQ.
Attorney General for the                  Assistant Attorney General
   State of New York
Attorney for Defendant
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

   Plaintiff pro se Keith Terrell Butler ("Butler"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendant, a DOCS employee, violated his constitutional rights

---

   [1]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

under the Eighth, and Fourteenth Amendments.[2]  Compl. (Dkt. No. 1).  Presently pending is defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b).  Dkt. No. 11.  Butler opposes the motion.  Dkt. No. 13.  For the following reasons, it is recommended that defendant's motion be granted and that the complaint be dismissed.

## I. Background

The facts are related herein in the light most favorable to Butler as the non-moving party.  See subsection II(A) infra.

On April 7, 2008, Butler was using the bathroom in his cell at Upstate Correctional Facility when LaBarge, a corrections officer, approached his cell on rounds.  Compl. (5)(A); Dkt. No. 13 ¶ 3.  LaBarge stopped, stared at Butler's genitalia, licked his lips, and made a lewd comment referencing Butler's genitalia.  Compl. (5)(A); Dkt. No. 13 ¶ 3.  LaBarge left, then returned fifteen minutes later when Butler was taken out of his cell and searched.  Compl. (5)(A); Dkt. No. 13 ¶ 3.  LaBarge frisked Butler, felt his genitalia, and rubbed his buttocks aggressively.  Compl. (5)(A); Dkt. No. 13 ¶ 3.  This action followed.

---

[2] The basis for Butler's Fourteenth Amendment claim is unclear.  Liberally construing the complaint, however, such contentions are meritless.  Essential to that protection is the guarantee that similarly situated persons be treated equally.  City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).  In order to establish an equal protection violation, the plaintiff must show that "he was treated differently than others similarly situated as the result of intentional or purposeful discrimination."  Phillips v. Girdich, 408 F.3d 124, 129 (2d Cir. 2005).  Butler has failed to demonstrate, or even allege facts which establish, that he was treated differently than anyone else, or that he was treated differently based upon intentional and purposeful discrimination.  Accordingly, defendants should be granted judgment on all claims asserted under the Fourteenth Amendment.

## II.  Discussion

Butler claims that his Eighth Amendment rights were violated when he was sexually harassed by LaBarge.  Liberally construing the complaint, Butler also makes a First Amendment claim against LaBarge for retaliation.[3]  LaBarge moves to dismiss because (1) Butler has failed to state a claim, (2) the Eleventh Amendment and New York Correction Law bars suit, and (3) Butler's claims for emotional damages are not cognizable.

## A. Legal Standard

Rule 12(b)(6) authorizes dismissal of a complaint that states no actionable claim.  When considering a motion to dismiss, "a court must accept the allegations contained in the

---

[3] Liberally construing Butler's arguments presented in his "Preliminary Statement", it appears that he claims LaBarge's harassing conduct was "somewhat" retaliatory, identifying his propensity to file grievances about the harassment to which DOCS remains unresponsive.  To state an actionable claim for retaliation, a plaintiff must first allege that the plaintiff's conduct was constitutionally protected and that this protected conduct was a substantial factor that caused the adverse action against plaintiff.  Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996); see also Lipton v. County of Orange, 315 F. Supp. 2d 434, 447-48 (S.D.N.Y. 2004) (applying First Amendment retaliation factors to a pretrial detainee complaint).  Courts must view retaliation claims with care and skepticism to avoid judicial intrusion into matters of prison administration.  Jackson v. Onondaga County, 549 F. Supp. 2d 204, 214-15.  Conclusory allegations alone are insufficient.  Id. at 214 (citing Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983) (explaining that "claim[s] supported by specific and detailed factual allegations . . . ought usually be pursued with full discovery.")).
  In this case, Butler has failed to allege facts sufficient to support a retaliation claim.  While filing grievances and lawsuits are actions protected by the First Amendment, Butler has failed specifically to alleged who he filed grievances and lawsuits against and when they were filed.  Butler has also failed to allege any facts demonstrating a plausible connection between the filing of such grievances and the alleged adverse actions he received as a result of the grievances.  Without establishing that adverse actions were motivated by, or temporally related to, any constitutionally protected conduct, there are no plausible grounds upon which to assert a claim of retaliation.  Thus, LaBarge's motion as to this claim should be granted.

complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).  However, this "tenet . . . is inapplicable to legal conclusions[; thus, t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (holding that "entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . [as] courts are not bound to accept as true a legal conclusion couched as a factual allegation.")).

Accordingly, to defeat a motion to dismiss, a claim must include "facial plausibility . . . that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556 (explaining that the plausibility test "does not impose a probability requirement . . . it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct].")); see also Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009) (holding that, "[o]n a motion to dismiss, courts require enough facts to state a claim to relief that is plausible . . . .") (citations omitted).  Determining whether plausibility exists is "a content specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 129 S. Ct. at 1950-51.

When, as here, a party seeks summary judgment against a pro se litigant, a court must afford the non-movant special solicitude. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir.2006); see also Sealed Plaintiff v. Sealed Defendant # 1, 537 F.3d 185, 191-92 (2d Cir.2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds pro se, ... a court is obliged to construe his pleadings

liberally.' " (citations omitted)).

### B. Eighth Amendment

The Eighth Amendment explicitly prohibits the infliction of "cruel and unusual punishment." U.S. Const. amend. VIII. It is well settled that the "unnecessary and wanton infliction of pain on a prisoner constitutes cruel and unusual punishment in violation of the Eighth Amendment." Boddie, 105 F.3d 857, 861 (2d Cir. 1997) (citing Whitley v. Albers, 475 U.S. 312, 319 (1986)). In order to prove a violation of the Eighth Amendment, a plaintiff must satisfy both an objective and a subjective inquiry. See Trammell v. Keane, 388 F.3d 155, 161 (2d Cir. 2003). A prison official violates the standards of the Eighth Amendment when (1) the alleged punishment is "objectively, sufficiently serious" and (2) he or she acted with a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Because sexual abuse by a prison official with a culpable state of mind may constitute a violation of contemporary standards of decency and cause severe harm to the prisoner, such allegations may be cognizable under the Eighth Amendment. Boddie, 105 F.3d at 861 ("[S]evere or repetitive sexual abuse of an inmate . . . can be 'objectively, sufficiently serious.' . . . "; see also Farmer, 511 U.S. at 834-35 ("[The] rape of one prisoner . . . serves no legitimate penological objective, any more than it squares with evolving standards of decency.") (internal quotation marks and citations omitted).

On the other hand, sexual harassment violates the Eighth Amendment only if the harm is "objectively, sufficiently serious." Boddie, 105 F.3d at 861. The Second Circuit has held that a small number of isolated incidents of alleged sexual abuse, including verbal

5

harassment, may not suffice to meet the objective prong of the test or involve a harm of a federal constitutional level. Id. Further, a plaintiff must demonstrate that an incident or series of incidents were sufficiently egregious to be "objectively, sufficiently serious" to the point where such actions resulted in the denial of "the minimal civilized measure of life's necessities" and posed a substantial risk of serious harm. Id.; Trammel, 388 F.3d at 161. The Supreme Court has also held that a plaintiff must prove that a defendant used force "maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1 (1992).

Here, Butler alleges at most a single, verbal, isolated statement and a single touching during a pat frisk. Compl. (5)(A); Dkt. No. 13 ¶ 3. If true, such a statement and touching would, of course, be indefensible. However, there is no plausible evidence of force. See Compl. While the isolated incidents of a lewd statement and touching during a pat frisk are "despicable and, if true, . . . may potentially be the basis of state tort actions," it is not "objectively, sufficiently serious" to establish a substantial risk of harm for federal constitutional purposes. Boddie, 105 F.3d at 861. Additionally, the Second Circuit has held that allegations of verbal harassment or profanity, without physical injury or damage, do not state a claim under § 1983. Purcell v. Coughlin, 790 F.2d 263, 265 (2d Cir. 1986) ("The claim that a prison guard called Purcell names also did not allege any appreciable injury and was properly dismissed."); Shabazz v. Pico, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) ("[V]erbal harassment or profanity alone, unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem does not constitute the violation of any federally protected right and therefore is not actionable under . . . § 1983."). As a matter of law, even viewing the complaint in the light most favorable to Butler, his claim

6

does not rise to the level of a constitutional violation.  Boddie, 105 F.3d at 861.

Accordingly, defendant's motion should be granted as to this claim.

### C. State Law Claims

Defendant's counsel relies on N.Y. Correct. Law § 24 for the proposition that state courts have no jurisdiction over any alleged tort claims for sexual abuse and, therefore, supplemental jurisdiction is inappropriate.  The Supreme Court recently decided that such contentions are without merit, and the New York State law was unconstitutional as it violated the Supremacy Clause, "only with respect to claims brought under §1983." May v. Donneli, No. 06-CV-437 (GLS/RFT), 2009 WL 3049613, at *5 (N.D.N.Y. Sept. 18, 2009); see also Haywood v. Drown, 129 S.Ct. 2108, 2118 (2009).  Thus, "[a] claim brought pursuant to state law does not implicate the Supremacy Clause, and therefore, the Haywood decision does not affect the question of whether this court has proper jurisdiction to hear th[e] pendent state law claim."  May, 2009 WL 3049613, at *5.

Butler initially claimed that his action was pursuant to §1983 and N.Y. Civ. Rights Law § 50-b, but such state law claims appear unfounded as the civil rights law section to which he has cited applies to the right of privacy for sexual offenses involving the transmission of the human immunodeficiency virus (HIV).  Compl. (5)(A); N.Y. Civ. Rights Law § 50-b.  As such, Butler has failed to allege a claim for sexual abuse, relying solely upon §1983 for his jurisdictional basis.  This conclusion is also supported by Butler's most recent assertions in his motion papers.  See also Dkt. No. 13 ¶1 (seeking damages "pursuant to 42 U.S.C. § 1983 . . . .").  Accordingly, Correction Law § 24 cannot act as a jurisdictional bar for the

present case as, pursuant to Haywood, Butler has only alleged actionable conduct pursuant to § 1983. To the extent that these claims are subsumed by other state law provisions, consistent with the holding in May, such claims cannot be litigated in federal court as the court has no jurisdiction over such claims pursuant to Correction Law § 24.

Even to the extent that such claims survive pursuant to Haywood, they should still be dismissed. Federal courts have supplemental jurisdiction over such pendent state law claims pursuant to 28 U.S.C. § 1367. It is recommended herein, however, that defendant be granted judgment on Butler's federal claims on which rests federal jurisdiction over the pendent state law claims. Butler asserts no other basis for the Court's jurisdiction over these claims and, therefore, the Court should decline to exercise supplemental jurisdiction over Butler's state law claims if the recommendations herein are accepted. See 28 U.S.C. § 1367(c)(3). Accordingly, such causes of action should be dismissed without prejudice.

### D. Eleventh Amendment

Butler asserts his claims against LaBarge in both his individual and official capacities. See Dkt. No. 13 ¶ 2. (In Butler's response to the present motion, he asserts that he "is sueing [sic] Defendant in an official capacity."). The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "[D]espite the limited terms of the Eleventh Amendment, a federal court [cannot] entertain a suit brought by a citizen against his [or her] own State." Pennhurst State Sch. & Hosp. v.

Halderman, 465 U.S. 89, 98 (1984) (citing Hans v. Louisiana, 134 U.S. 1, 21 (1890)). Regardless of the nature of the relief sought, in the absence of the State's consent or waiver of immunity, a suit against the State or one of its agencies or departments is proscribed by the Eleventh Amendment. Halderman, 465 U.S. at 100. Section 1983 claims do not abrogate the Eleventh Amendment immunity of the states. See Quern v. Jordan, 440 U.S. 332, 340-41 (1979).

A suit against a state official in his or her official capacity is a suit against the entity that employs the official. Farid v. Smith, 850 F.2d 917, 921 (2d Cir.1988) (citing Edelman v. Jordan, 415 U.S. 651, 663 (1974)). "Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself," rendering the latter suit for money damages barred even though asserted against the individual officer. Kentucky v. Graham, 473 U.S. 159, 166 (1985). Here, Butler seeks monetary damages against LaBarge in his official capacity for acts occurring within the scope of his duties with DOCS. Thus, the Eleventh Amendment bar applies and serves to prohibit Butler's claim for monetary damages against LaBarge in his official capacity.

Accordingly, it is recommended that defendant's motion be granted on this ground.

### E. Damages for Emotional Distress

Pursuant to the Prisoner Litigation Reform Act of 1995 ("PLRA"), "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for

9

mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).  Because Butler has failed to allege that he has suffered any concomitant physical injury, he is precluded from recovering any type of compensatory damages related to emotional distress. Jenkins v. Haubert, 179 F.3d 19, 28-29 (2d Cir. 1999) ("[I]n the case of suits seeking damages for mental or emotional injuries . . . a defendant in a prisoner § 1983 suit may also assert as an affirmative defense the plaintiff's failure to comply with the PLRA's requirements [and make a prior showing of a physical injury].").

Therefore, defendant's motion on this ground should be granted.  An inmate "may still be entitled to injunctive or declaratory relief for a violation of his constitutional rights." May, 2009 WL 3049613, at *4.  However, as discussed supra, Butler has failed to allege a violation of his constitutional rights and, thus, he is not entitled to injunctive or declaratory relief either.

### III.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendant's motion to dismiss (Dkt. No.11) be **GRANTED** in all respects and the complaint be dismissed in its entirety.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN**

**TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89

(2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: May 21, 2010
       Albany, New York

*David R. Homer*
United States Magistrate Judge