**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**KEITH TERRELL BUTLER,**

                **Plaintiff,**              9:09-cv-1106
                                                  (GLS/DRH)
                **v.**

**L. LaBARGE,** Correction Officer,

                **Defendant.**
_____

**APPEARANCES:**                **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Keith Terrell Butler
Pro Se
05-A-1392
Clinton Correctional Facility
P.O. Box 2002
Dannemora, NY 12929

**FOR DEFENDANTS:**
HON. ANDREW M. CUOMO      ROGER W. KINSEY
New York State Attorney General   Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe
District Court Judge**

## **MEMORANDUM-DECISION AND ORDER**

### **I. Introduction**

Pro se plaintiff Keith Terrell Butler brings this action under 42 U.S.C. § 1983, alleging that defendant L. LaBarge violated his First, Eighth, and Fourteenth Amendment rights. (*See* Compl., Dkt. No. 1.) Specifically, Butler, an inmate formerly housed at Upstate Correctional Facility, alleged that during rounds, LaBarge, a corrections officer, stared at Butler's genitalia, licked his lips, and made a lewd comment referencing Butler's genitalia. (*See id.* at 5.) In addition, Butler alleged that during a frisk, LaBarge felt his genitalia and aggressively rubbed his buttocks. (*See id.*) On November 12, 2009, LaBarge moved to dismiss Butler's complaint. (Dkt. No. 11.) In a Report-Recommendation and Order (R&R) filed May 21, 2010, Magistrate Judge David R. Homer recommended that LaBarge's motion be granted. (Dkt. No. 22.) Pending are Butler's objections to the R&R. (Dkt. No. 23.) For the reasons that follow, the court adopts the R&R and dismisses Butler's claims.

### **II. Standard of Review**

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge.

If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations de novo.  *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006).  In cases in which no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a magistrate judge for clear error.  *See id.*

### III. Discussion

### A. Request for Counsel

In his objections, Butler claims that he should have been afforded counsel due to his mental illness.  (*See* Pl. Objections at ¶ 7, Dkt. No. 23.)  Although Judge Homer did not address this issue in the R&R, the court is satisfied that the denial of Butler's request for counsel provides no basis for rejecting the R&R's recommended dismissal.  In his denial of Butler's request, Judge Homer directed Butler to attempt to obtain counsel on his own or make another motion for appointment of counsel accompanied by the required documentation.  (*See* May 10, 2010 Order at 2, Dkt. No. 19.)  Because Butler has failed to pursue either of these options, the court declines to reject the R&R on these grounds.

## B. <u>First Amendment Claim</u>

Judge Homer recommended dismissal of Butler's First Amendment retaliation claim, reasoning that Butler failed to allege any facts demonstrating an adverse action taken in response to his engagement in a constitutionally protected act. (*See* R&R at 3 n.3, Dkt. No. 22.) In his objections, Butler merely reiterates that LaBarge's conduct constituted retaliation. (*See* Pl. Objections at ¶ 12, Dkt. No. 23.)

To state an actionable retaliation claim, the plaintiff must show that "the conduct at issue was constitutionally protected and that the protected conduct was a substantial or motivating factor in the prison official's decision to discipline the plaintiff." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (citation omitted). "[A] retaliation claim supported by specific and detailed factual allegations" will ordinarily withstand a motion to dismiss. *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983). "However, a complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone." *Id.*

Here, Butler alleges that he has been "reminded of [his] most recent adjudication and targeted because [his] most recent crime was against an employee." (*See* Pl. Resp. Mem. of Law at 2-3, Dkt. No. 13.) He also

4

alleges that several types of abuse were "in somewhat retaliation." (*See id.* at 3.) Such allegations, unsupported by any specific factual details, fail to establish that Butler's constitutionally protected conduct was a substantial factor in causing an adverse action by LaBarge. *See Graham*, 89 F.3d at 79. Therefore, the court finds no error with Judge Homer's recommended dismissal of Butler's retaliation claim.

## C.  Eighth Amendment Claim

Judge Homer recommended dismissal of the Eighth Amendment claim based on Butler's failure to allege an "objectively, sufficiently serious" harm for federal constitutional purposes. (*See* R&R at 5-7, Dkt. No. 6 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).) Butler argues that his Eighth Amendment rights were violated by LaBarge's alleged illegal search and by the prison supervisor's failure to respond to Butler's reports of sexual misconduct. (*See* Pl. Objections at ¶ 10, Dkt. No. 23.) Butler also seems to implicate LaBarge's supervisors for their hiring decisions.

Regarding the alleged illegal search, the Second Circuit has held that severe or repetitive sexual abuse may constitute an Eighth Amendment violation. *See Boddie v. Schneider*, 105 F.3d 857, 861 (2d Cir. 1997). However, isolated instances of verbal harassment or touching are not

5

"objectively, sufficiently serious" to constitute a constitutional violation. *See id.*; *see also Rhodes v. Chapman*, 452 U.S. 337, 348-49 (1981) (acknowledging that not every deviation from an "aspiration toward an ideal environment for long-term confinement" amounts to a constitutional violation). Moreover, although some circuits have recognized that cross-gender, clothed-body searches of prisoners by prison officials may violate the Fourth and Eighth Amendments, these violations have been limited to searches of female prisoners by male officials. *See Jordan v. Gardner*, 986 F.2d 1521, 1524 (9th Cir. 1993). Therefore, the physical intrusion that Butler alleges does not rise to the level of a constitutional violation.

As to the supervisor's failure to respond to Butler's reports of sexual harassment, Butler has not listed LaBarge's supervisor as a defendant in this matter. Furthermore, the Second Circuit has established that personal involvement "is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (internal quotation marks and citations omitted). A supervisor may be liable under §1983 for gross negligence or deliberate indifference to a violation of a prisoner's constitutional rights. *See id.* This, however, requires that a constitutional violation has actually occurred. In the present case, Butler has failed to

6

establish an Eighth Amendment violation.  Accordingly, the court adopts the R&R's recommendation to dismiss Butler's Eighth Amendment claim.

## D.     Fourteenth Amendment Claim

Judge Homer recommended dismissal of Butler's Fourteenth Amendment claims for failing to "show that 'he was treated differently than others similarly situated as the result of intentional or purposeful discrimination.'"  (*See* R&R at 2, Dkt. 22 (quoting *Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005)).)  In his objections, Butler merely states that discrimination on the basis of sexual orientation or mental illness violates the Fourteenth Amendment.  (*See* Pl. Objections at ¶ 10, Dkt. No. 23.)

Although Butler asserts that he suffers from a mental illness, he fails to allege how he has been discriminated against on that basis.  As to the sexual orientation claim, it is unclear whether Butler is claiming that the alleged sexual harassment was a result of his sexual orientation. Therefore, the court accepts Judge Homer's recommendation to dismiss Butler's Fourteenth Amendment claims.

## E.     Eleventh Amendment Immunity

Judge Homer recommended that LaBarge's motion to dismiss be granted based on Eleventh Amendment immunity.  (*See* R&R at 9, Dkt. No

7

22.) Liberally construing the pleadings, Butler asserts claims against LaBarge in both his official and individual capacity,[1] and seeks $60,000 in monetary relief. (*See* Compl. at 6, Dkt. No. 1.)

"Absent a waiver on the part of the state, or a valid congressional override, the [E]leventh [A]mendment prohibits federal courts from entertaining suits by private parties against the states." *See Farid v. Smith*, 850 F.2d 917, 920-21 (2d Cir. 1988) (citation omitted). This bar extends to "suits against state officials and state agencies if the state is the real party in interest, regardless of whether the state is named as a party to the action." *See id.* at 921 (citation and emphasis omitted). Moreover, a suit for money damages against a state official in his official capacity amounts to a suit against the state itself. *See id.* Therefore, the Eleventh Amendment prohibits Butler's claims against LaBarge in his official capacity, and the court adopts the portion of the R&R recommending dismissal of these claims.

### F. State Law Claims

As to any remaining claim against LaBarge in his individual capacity,

---

[1] Butler asserts his claims against LaBarge "in an official capacity." (*See* Pl. Reply Mem. of Law.) Butler also asserts that sexual harassment does not pertain to LaBarge's employment, LaBarge is the sole defendant, and he is liable for his own actions. (*See* Pl. Objections at ¶¶ 9, 11, Dkt. No 23.)

8

the court agrees with Judge Homer that Butler cannot bring an action against LaBarge based on state law. First, the state law upon which Butler bases this action pertains to sexual offenses involving the transmission of human immunodeficiency virus (HIV). *See* N.Y. CIV. RIGHTS LAW § 50-b. Seeing as Butler alleges nothing in relation to HIV, the present action cannot be maintained upon that law.

Second, Butler has failed to allege a § 1983 violation. In the absence of original federal jurisdiction, the decision of whether to exercise jurisdiction over pendent state law claims is within the court's discretion. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 121-22 (2d Cir. 2006). The Second Circuit has held that when all federal claims have been eliminated before trial, the balance of factors in deciding whether to exercise jurisdiction over remaining state law claims leans toward dismissal. *See id* at 122. A court may, however, choose to exercise jurisdiction if a state law claim raises an important question of federal policy. *See id.* at 122-23. Here, Butler has failed to establish a federal claim or an important issue of federal policy, and the court accepts Judge Homer's recommendation to decline jurisdiction over any state law claims.

In sum, the court is satisfied that the remainder of the R&R contains

no clear error and accepts the R&R in its entirety.

## IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge David R. Homer's May 21, 2010 Report-Recommendation and Order (Dkt. No. 22) is **ADOPTED** in its entirety; and it is further

**ORDERED** that LaBarge's motion to dismiss (Dkt. No. 11) is **GRANTED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide copies of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 30, 2010
Albany, New York

*Gary L. Sharpe*
United States District Court Judge